UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSENIO C. BRUNDIDGE, | No. 1:24-cv-00245-JLT-HBK (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS FIRST AMENDED PETITION FOR LACK OF JURISDICTION[1] |
| v. | |
| B.M. TRATE, Warden, | FOURTEEN-DAY OBJECTION PERIOD |
| Respondent. | (Doc. No. 8) |

Petitioner Arsenio C. Brundidge ("Petitioner"), a federal prisoner, is proceeding pro se on his first amended petition for writ of habeas corpus under 28 U.S.C. § 2241, filed while incarcerated in Atwater Penitentiary, located in Merced County, California, which is within the venue and jurisdiction of this Court. (Doc. No. 8, "First Amended Petition"). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. For the reasons set forth below, the Court recommends that the Petition be DISMISSED for lack of jurisdiction.

**I.  BACKGROUND**

Petitioner, a federal prisoner, is serving a 235-month cumulative sentence for possession

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1

of cocaine under 21 U.S.C. § 844 and possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) and § 924(e)(1), imposed in 2016 after a jury trial by the United States District Court for the Middle District of Georgia ("MDGA").  *See United States v. Brundidge*, 4:15-cr-00012-CDL-MSH, Crim. Doc. Nos. 1, 44 (M.D. Ga.); Doc. No. 8.[2]  Petitioner's conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Eleventh Circuit.  Crim. Doc. No. 77; *United States v. Brundidge*, 708 Fed. App'x 608 (11th Cir. 2017). Petitioner filed § 2255 motions to vacate his sentence, which were denied by the MDGA.  Crim. Doc. Nos. 100, 112.

To the extent discernable, the First Amended Petition raises two grounds for relief: (1) based on Supreme Court holdings in *United States v. Haymond*, 588 U.S. ---, 139 S. Ct. 2369 and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Petitioner is actually innocent of his conviction under 18 U.S.C. § 924(e) because the jury did not find him guilty of any predicate felony offense; and (2) "ineffective assistance of counsel/Sixth Amendment violations."  (Doc. No. 8 at 2-3, 6).

## II.   APPLICABLE LAW AND ANALYSIS

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4.  *Ross v. Williams*, 896 F.3d 958, 968 (9th Cir. 2018) (citation omitted).  However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

---

[2] The Court has reviewed the docket in Petitioner's criminal case from the Middle District of Georgia and takes judicial notice of it under Federal Rules of Evidence 201.  The undersigned cites to the record in Petitioner's underlying MDGA criminal case as "Crim. Doc. No. _.".

**A. Jurisdiction under § 2241**

Generally, a § 2241 petition is reserved for federal prisoners challenging "the manner, location, or conditions of a sentence's execution." *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Federal prisoners seeking to challenge the legality of their confinement must do so through a § 2255 motion. *Jones v. Hendrix*, 599 U.S. 465 (2023); *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). In limited circumstances, federal prisoners may challenge the legality of their confinement through a § 2241 petition by utilizing the so-called "savings clause" or "escape hatch" provision of § 2255(e). *Jones*, 599 U.S. at 474-76; *Harrison*, 519 F.3d at 956. This portal permits a federal prisoner to challenge the legality of confinement if he can establish that the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see also Jones*, 599 U.S. at 478 ("After AEDPA, as before it, the savings clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence.").

In *Jones v. Hendrix*, the Supreme Court held "that § 2255(e)'s savings clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Jones v. Hendrix*, 599 U.S. at 471. The Supreme Court noted that § 2255(h) limits second or successive § 2255 motions to those that contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id*. at 476. "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the savings clause. It means he cannot bring it at all." *Id.* at 480.

As an initial matter, irrespective of any analysis under § 2255(e) or *Jones v. Hendrix*, Petitioner's ground for relief based on *United States v. Haymond* is without merit. In *Haymond*, the Supreme Court specifically ruled that 18 U.S.C. § 3583(k), as applied, violated a defendant's

3

Sixth Amendment right to jury trial and Fifth Amendment right to due process by authorizing a new mandatory minimum prison sentence for supervised release violation based on a judge's fact-finding by preponderance of the evidence. 139 S. Ct. at 2382 (plurality opinion). Petitioner does not argue, nor can the Court discern, how *Haymond* is applicable to Petitioner's conviction under 18 U.S.C. § 924(e). *See id.* at 2369 (expressly limiting the decision to 18 U.S.C. § 3583(k), "an unusual provision enacted little more than a decade ago"); *see also Miller v. United States*, 2022 WL 3288244, at (N.D. Oh. July 11, 2022) (citing *United States v. Gray*, 2021 WL 2026929 (6th Cir. May 19, 2021) (dismissing § 2241 petition and noting *Haymond* is applicable only if a defendant has been sentenced under § 3583(k)).

Moreover, liberally construed, Petitioner appears to rely on *Haymond* and *Apprendi* to support his claim that he is "actually innocent" of § 924(e) because a jury did not find him guilty of a predicate offense; however, Petitioner makes no argument that unusual circumstances made it "impossible or impracticable" for him to seek relief from the sentencing court pursuant to § 2255(e). *See Jones*, 599 U.S. at 478; *Cf. Shepherd v. Unknown Party, Warden, FCI Tucson*, 54 F.4th 1075, 1076 (9th Cir. 2021) (to demonstrate a remedy is "inadequate or ineffective" a petitioner must: (1) make a claim of actual innocence, and (2) show that he has not had an "unobstructed procedural shot at presenting that claim.").

Because Plaintiff has failed to satisfy the "savings clause" of § 2255, this Court lacks jurisdiction over the § 2241 First Amended Petition. Further, as Petitioner has not been granted leave by the Court of Appeals to file a successive § 2255 motion, it would be futile to transfer the § 2241 petition to the MDGA for consideration as a § 2255 motion.

Accordingly, it is **RECOMMENDED**:

The First Amended Petition (Doc. No. 8) be DISMISSED for lack of jurisdiction.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: April 29, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE