**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARSENIO C. BRUNDIDGE,<br><br>    Petitioner,<br><br>v.<br><br>B.M. TRATE, Warden,<br><br>    Respondent. | Case No.: 1:24-cv-0245 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 8, 9) |

       Arsenio C. Brundidge, a state prisoner, is proceeding pro se with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 8.)  The assigned magistrate judge conducted a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases and found the Court lacks jurisdiction. (Doc. 9 at 2-4.)  Therefore, the magistrate judge recommended the Court dismiss the first amended petition.  (*Id.* at 4.)

       The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 14 days.  (Doc. 9 at 4-5.) The Court advised him that the "failure to file objections within the specified time may result in the waiver of certain rights on appeal." (*Id.* at 5, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not file objections, and the time to do so has passed.

       According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations

1

are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Notably, the Ninth Circuit indicated that "[w]here a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

Generally, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.  The Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that issues presented are deserving of encouragement to proceed further. Petitioner did not make the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 29, 2024 (Doc. 9) are **ADOPTED** in full.
2. The first amended petition for writ of habeas corpus (Doc. 8) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of the Court directed to close the case.

IT IS SO ORDERED.

Dated:   **May 21, 2024**

UNITED STATES DISTRICT JUDGE

2