UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSENIO C. BRUNDIDGE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　　Respondent. | No. 1:24-cv-00245-JLT-HBK (HC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 13) |

　　　　Pending before the court is Petitioner's motion to appoint counsel. (Doc. No. 13). Petitioner, a federal prisoner, is proceeding pro se on a first amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. No. 8, "Amended Petition"). Petitioner requests the court to appoint counsel to "aid and assi[s]t in his § 2241." (Doc. No. 13 at 1-3). Petitioner also requests that his ineffective assistance claim be withdrawn as moot and argues his January 2016 sentencing under § 924(e) violated his due process rights. (*Id*. at 4-7).

　　　　Petitioner's Amended Petition raised two grounds: (1) based on Supreme Court holdings in *United States v. Haymond*, 588 U.S. ---, 139 S. Ct. 2369 and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Petitioner is actually innocent of his conviction under 18 U.S.C. § 924(e) because the jury did not find him guilty of any predicate felony offense; and (2) "ineffective assistance of counsel/Sixth Amendment violations." (Doc. No. 8 at 2-3, 6). On April 29, 2024, the undersigned issued Findings and Recommendations to dismiss Petitioner's Amended Petition.

1  (Doc. No. 9).  On May 21, 2024, the district court adopted the Findings and Recommendations
2  and entered judgment the same day.  (Doc. Nos. 10, 11).  On June 4, 2024, Petitioner filed a
3  request for an extension of time to respond the Findings and Recommendations (Doc. No. 12),
4  and on June 12, 2024, the Court vacated its judgment and afforded Petitioner until July 19, 2024
5  to file objections to the Findings and Recommendation.  (Doc. No. 14).

6       With respect to Petitioner's request for appointment of counsel, there is no automatic,
7  constitutional right to counsel in federal habeas proceedings.  *See Coleman v. Thompson*, 501
8  U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958).  The Criminal
9  Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a
10 financially eligible person who seeks relief under § 2241 when the "court determines that the
11 interests of justice so require."  *Id*. at § 3006A(a)(2)(B); *see also Chaney v. Lewis*, 801 F.2d 1191,
12 1196 (9th Cir. 1986).  Moreover, the *Rules Governing Section 2254 Cases in the United States*
13 *District Courts* require the court to appoint counsel: (1) when the court has authorized discovery
14 upon a showing of good cause and appointment of counsel is necessary for effective discovery; or
15 (2) when the court has determined that an evidentiary hearing is warranted.  *Id*. at Rs. 6(a) and
16 8(c).  Based upon the record, the Court finds Petitioner has not demonstrated that appointment of
17 counsel is necessary at this stage of the proceedings.  The Court has found neither discovery nor
18 an evidentiary hearing warranted.  Further, Petitioner was able to file his first amended habeas
19 petition and seek a motion for extension of time to file objections without the aid of counsel.
20 Thus, the Court finds the circumstances of this case do not indicate that appointed counsel is
21 necessary to prevent due process violations.

22      With respect to Petitioner's request to withdraw his ineffective assistance of claim and his
23 argument that his 2016 sentencing violated due process, it is unclear whether Petitioner intends
24 his withdrawal of his ineffective assistance of counsel claim and due process argument to be
25 considered his objections to the April 29, 2024 Findings and Recommendations.  In an abundance
26 of caution, the Court will direct Petitioner to timely file any objections to the April 29, 2024
27 Findings and Recommendations in a separate pleading properly labeled "Objections to April 29,
28 2024 Findings and Recommendations" should he wish the district court to consider them.  To the

extent that Petitioner is attempting to raise an additional claim not previously raised in his Amended Petition, he must file a motion seeking leave to file a second amended petition for writ of habeas corpus accompanied by a free-standing petition for writ of habeas corpus for consideration by the Court.

Accordingly, it is **ORDERED**:

Petitioner's motion for appointment of counsel (Doc. No. 13) is **denied.**

Dated:  June 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE