UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARSENIO C. BRUNDIDGE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>B.M. TRATE, Warden,<br><br>　　　　Respondent. | Case No.: 1:24-cv-0245 JLT HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, DISMISSING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 8, 9) |

    Arsenio C. Brundidge, a federal prisoner, proceeds pro se with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting he is actually innocent, and he suffered "ineffective assistance of counsel/Sixth Amendment violations." (Doc. 8 at 2-3, 6.) The assigned magistrate judge conducted a preliminary review and found the Court lacks jurisdiction. (Doc. 9 at 2-4.)

    The magistrate judge observed that Petitioner's conviction and sentence were affirmed on direct appeal by the Eleventh Circuit. (Doc. 9 at 2, citing *United States v. Brundidge*, 708 Fed. App'x 608 (11th Cir. 2017).) Petitioner filed petitions under Section 2255 to vacate his sentence, which the Middle District of Georgia denied. (*Id.*) The magistrate judge found Petitioner failed to satisfy the "savings clause" of Section 2255, and he was not granted leave to file a successive petition. (*Id.* at 3-4.) Therefore, the magistrate judge recommended the Court dismiss the first amended petition. (*Id*. at 4.)

1          The Court served the Findings and Recommendations on Petitioner and notified him any
2  objections were due within 14 days.  (Doc. 9 at 4-5.)  The Court advised him that the "failure to
3  file objections within the specified time may result in the waiver of rights on appeal." (*Id.*at 5,
4  citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).)  Petitioner did not file
5  objections by the ordered deadline.  On May 21, 2024, the Findings and Recommendations were
6  adopted in full, the first amended petition for writ of habeas corpus was dismissed and the case
7  was closed.  (Doc. 10.)

8          A few weeks later, Petitioner filed a motion for an extension of time to file objections,
9  indicating he did not receive the Findings and Recommendations until May 17, 2024.  (Doc. 12.)
10  Given Petitioner's representation, the Court vacated the judgment and granted an extension of
11  time for Petitioner to file objections.  (Doc. 14.)  Petitioner timely filed objections by the
12  extended deadline, which generally recount limited legal standards concerning habeas relief,
13  including standards related to the "escape hatch" provision and "actual innocence." (*See* Doc. 16
14  at 1-4.)  Petitioner argues, "If the instant petition is properly brought under 28 U.S.C. § 2241, it
15  may be heard by this Court." (*Id.* at 3.)

16          Petitioner does not address the specific findings of the magistrate judge that he is unable
17  to proceed under the "savings clause."  The Supreme Court held that a petitioner may not
18  challenge his conviction or sentence through a Section 2241 petition unless "unusual
19  circumstances make it impossible or impracticable to seek relief in the sentencing court[,]" such
20  as where the sentencing court no longer exists. *Jones v. Hendrix*, 599 U.S. 465, 478 (2023).
21  Following *Jones*, petitioners may not seek habeas relief under Section 2241 pursuant to the saving
22  clause, except in limited circumstances when it is "impossible or impracticable" to bring a
23  Section 2255 motion in the sentencing court. *Id.*  Such circumstances are not established here. In
24  addition, Petitioner does not dispute that he filed a Section 2255 petition that the Middle District
25  of Georgia denied, and Petitioner does not show that he received leave to file a successive
26  petition.  Thus, Petitioner fails to show the Court has jurisdiction.

27          According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case.
28  Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the

2

Findings and Recommendations are supported by the record and proper analysis.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. Notably, the Ninth Circuit indicated that "[w]here a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of appealability]." *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008).

Generally, the Court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While Petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338. The Court finds that reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that issues presented are deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the Court declines to issue a certificate of appealability.

Based upon the foregoing, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 29, 2024 (Doc. 9) are **ADOPTED** in full.
2. The first amended petition for writ of habeas corpus (Doc. 8) is **DISMISSED**.
3. The Court declines to issue a certificate of appealability.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **August 13, 2024**

*Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE